[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 9, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-15911
Non-Argument Calendar

_____

D. C. Docket No. 07-00347-CR-T-25-TEM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DEVIN ALEXANDER HOLLINS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 9, 2009)

Before TJOFLAT, BLACK and KRAVITCH, Circuit Judges.

PER CURIAM:

At the conclusion of a bench trial, the district court found Devin Alexander

Hollins guilty of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). After sentence was imposed,[1] Hollins lodged this appeal, seeking the reversal of his conviction on the ground that the district court erred in denying his motion to suppress a firearm discovered by police during a pat-down search that occurred following a traffic stop. Hollins was a passenger in the vehicle; he asserts that pursuant to Arizona v. Johnson, ___ U.S. ___, 129 S.Ct. 781, 172 L.Ed.2d 694 (2009), officers who conduct routine traffic stops may perform a pat-down of a passenger only upon reasonable suspicion that the person may be armed and dangerous. He contends that, in this case, the officers lacked reasonable suspicion that he was armed and dangerous and that the nervous behavior he exhibited and his apparent attempt to flee were insufficient to establish the requisite suspicion. We find no error in the court's denial of Hollins's motion to suppress and accordingly affirm.

I.

"A district court's ruling on a motion to suppress presents a mixed question of law and fact." United States v. Zapata, 180 F.3d 1237, 1240 (11th Cir. 1999). We review the district court's findings of fact for clear error, but review de novo the court's application of law to those facts. Id. "[W]hen considering a ruling on a

---

[1] The court sentenced Hollins to prison for a term of 120 months.

motion to suppress, all facts are construed in the light most favorable to the prevailing party below." United States v. Bervaldi, 226 F.3d 1256, 1262 (11th Cir. 2000). In this case, we take the facts in the light most favorable to the Government because it was the prevailing party.

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. In general, unless there is consent, police officers must obtain a warrant supported by probable cause to justify a search under the Fourth Amendment. United States v. Magluta, 418 F.3d 1166, 1182 (11th Cir. 2005). However, an officer may frisk or pat-down an individual to conduct a limited search for weapons when the officer has reason to believe that the individual is armed and dangerous. Terry v. Ohio, 392 U.S. 1, 27, 88 S.Ct. 1868, 1883, 20 L.Ed.2d 889 (1968). In a traffic stop, "[o]nce an officer has legitimately stopped an individual, the officer can frisk the individual so long as 'a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger.'" United States v. Hunter, 291 F.3d 1302, 1307 (11th Cir. 2002) (quoting Terry, 392 U.S. at 27, 88 S.Ct. at 1883).

To have reasonable suspicion, an officer conducting a stop must "have a reasonable, articulable suspicion based on objective facts that the person has

engaged in, or is about to engage in, criminal activity." United States v. Lindsey, 482 F.3d 1285, 1290 (11th Cir. 2007). Reasonable suspicion is "considerably less than proof of wrongdoing by a preponderance of the evidence" and less than probable cause; nevertheless, the officer must articulate "some minimal level of objective justification." United States v. Sokolow, 490 U.S. 1, 7, 109 S.Ct. 1581, 1585, 104 L.Ed.2d 1 (1989). When determining whether reasonable suspicion exists, the courts must review the "totality of the circumstances" of each case to ascertain whether the detaining officer had a "particularized and objective basis" for suspecting legal wrongdoing. United States v. Arvizu, 534 U.S. 266, 273, 122 S.Ct. 744, 750, 151 L.Ed.2d 740 (2002).

In Maryland v. Wilson, 519 U.S. 408, 117 S.Ct. 882, 137 L.Ed.2d 41 (1997), the Supreme Court held that an officer may order a passenger out of a vehicle during a stop for a traffic infraction without violating the Fourth Amendment even if there is no articulable reasonable suspicion to detain the passenger. Maryland, 519 U.S. at 410, 117 S.Ct. at 884. The Court explained that passengers pose as great a danger to police officers as do drivers during traffic stops. Id., 519 U.S. at 414, 117 S.Ct. at 886. The Court's approval, in Maryland, of "officer control of passengers in a traffic stop stems from the 'legitimate and weighty' need for officer safety." United States v. Clark, 337 F.3d 1282, 1286 (11th Cir. 2003) (quoting

4

Pennsylvania v. Mimms, 434 U.S. 106, 110, 98 S.Ct. 330, 54 L.Ed.2d 331, 333 (1977). Further, the Court has stated that it is "reasonable for passengers to expect that a police officer at the scene of a crime, arrest, or investigation will not let people move around in ways that could jeopardy his safety." Brendlin v. California, 551 U.S. 249, ___, 127 S.Ct. 2400, 2407, 168 L.Ed.2d 132 (2007) (holding that a passenger has standing to challenge a stop's constitutionality because the passenger is seized from the moment a car is stopped).

Recently, in Arizona v. Johnson, a passenger, during a lawful vehicle stop, voluntarily told the officer that he was from a town which was known for a gang and that he had served time in prison. Arizona, ___ U.S. at ___, 129 S.Ct. at 785. The officer ordered the passenger out of the vehicle, and suspecting the passenger was armed, "patted him down for officer safety" and felt the butt of a gun near the passenger's waist. Id. (internal quotations marks omitted). The passenger began to struggle, and the officer placed him in handcuffs. Id. In finding the search lawful, the Supreme Court held, "To justify a patdown of the driver or a passenger during a traffic stop . . . the police must harbor reasonable suspicion that the person subjected to the frisk is armed and dangerous." Id., 129 S.Ct. at 784. The Court determined that a traffic stop "communicates to a reasonable passenger that he . . . is not free to . . . move about at will," and the risk of harm to both police and

5

occupants of the stopped vehicle is minimized if officers exercise unquestioned command of the situation. Id., 129 S.Ct. at 786-87.

Here, evidence supports the district court's finding that Hollins's behavior gave the police reasonable suspicion to believe that Hollins was armed and dangerous when they searched him. First, Hollins repeatedly refused to follow instructions to keep his hands in plain view, and he would slide his hands toward his waist while he was seated in the vehicle. Nervous, evasive behavior, which Hollins exhibited, is one of several factors which may be pertinent in determining reasonable suspicion. See United States v. Gordon, 231 F.3d 750, 756 (11th Cir. 2000). Second, Hollins repeatedly refused to obey an officer's instruction to exit the vehicle. See Maryland, 519 U.S. at 410, 117 S.Ct. at 884 (holding that an officer may order a passenger out of a vehicle during a stop for a traffic infraction). Third, Hollins repeatedly disregarded an officer's instruction to face the vehicle by continually looking back at the officers. See Arizona, 129 S.Ct. at 786-87 (stating that passengers in a traffic stop are not free to move about at their will). Finally, Hollins attempted to strike the officer attending to him in an apparent effort to flee. See United States v. Franklin, 323 F.3d 1298, 1301 (11th Cir. 2003) (stating that "flight is a relevant consideration for a finding of reasonable suspicion").

AFFIRMED.